OPINION
{¶ 1} Plaintiffs-appellants Clyde and Susan Hensel appeal from the September 23, 2002, Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 24, 2001, appellants filed a complaint for unjust enrichment against appellee Jerry Kohl (Case No. 2001 CV 10 0603) in the Tuscarawas County Court of Common Pleas. Appellants, in their complaint, alleged that they had entered into an agreement with appellee for the purchase of 37.589 acres located in Holmes County, Ohio, for the price of $112,767.00, that they made a deposit of $11,276.00 towards the purchase price, and that the sale of the property was never consummated. Appellants further alleged that after the sale fell through, appellant sold the subject property to another buyer for a price in excess of the original asking price and that, when asked, appellee failed to return appellants' deposit. In their complaint, appellants maintained that, as a result, appellee was unjustly enriched in the amount of $11,276.00, the amount of the deposit. Thereafter, appellee filed an answer and counterclaim on November 9, 2001.
 {¶ 3} The parties subsequently agreed to waive an evidentiary hearing and/or trial in this matter and agreed to submit the matter to the trial court on joint stipulations of fact. Both parties also filed trial briefs. As memorialized in a Judgment Entry filed on September 23, 2002, the trial court found that appellants had failed to prove by a preponderance of the evidence that appellee had been unjustly enriched as a result of retaining the $11,276.70 deposit and that appellee had proved, by a preponderance of the evidence, his counterclaim against appellants in the amount of $15,937.16 "as Damages directly flowing from Plaintiffs' breach of the Real Estate Contract." The trial court, therefore, granted judgment in favor of appellee and against appellants on appellants' complaint and also granted judgment in favor of appellee and against appellants in the amount of $4,660.46[1] "relative to Defendant's counterclaim." The trial court, in its entry, found that "the Joint Stipulations of Fact filed 8/14/2002 should become the Final Findings of Fact of the Court."
 {¶ 4} It is from the trial court's September 23, 2002, Judgment Entry that appellants now appeal, raising the following assignments of error:
 {¶ 5} "I. The trial court erred, as a matter of law, by finding against the appellants on their complaint for unjust enrichment.
 {¶ 6} "II. The trial court erred, as a matter of law, by finding that the contract between the parties provided for the forfeiture of the appellants' earnest money as liquidated damages, thus barring appellants' claim for unjust enrichment.
 {¶ 7} "III. The trial court erred, as a matter of law, by finding for the appellee on his counterclaim and assessing damages in the amount of $15,937.00 including attorney fees for the defense of a previous lawsuit, previously dismissed under the provisions of Civil Rule (41)A."
 {¶ 8} Appellants, in their three assignments of error, challenge the trial court's judgment in favor of appellee and against appellants on their complaint and the trial court's judgment in favor of appellee and against appellants on appellee's counterclaim.
 {¶ 9} The trial court, in its September 23, 2002, Judgment Entry, stated, in relevant part, as follows:
 {¶ 10} "The Court finds that the parties have filed Joint Stipulations of Fact on 8/14/2002, waived the conducting of an Evidentiary Hearing/Trial, requesting that the Court consider the Joint Stipulations of Fact in lieu of an Evidentiary Hearing/Trial and filed Briefs and Reply Briefs in support of their respective positions.
 {¶ 11} "FINDS that the Joint Stipulations of Fact filed 8/14/2002 should become the Final Findings of Fact of the Court."
 {¶ 12} On appeal, an appellant has the duty to supply a transcript or other acceptable statement of the facts, as provided in App.R. 9, since he "bears the burden of showing error by reference to matters in the record." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384.
 {¶ 13} However, the record fails to reflect that the parties filed joint stipulations of fact in the case sub judice. The joint stipulations that were filed with the trial court on August 14, 2002, were filed in Case No. 2000 CV 09 0494, a case that appellants filed against appellee on September 21, 2000, and later voluntarily dismissed on or about July 17, 2001, without prejudice, rather than in the case sub judice.
 {¶ 14} Without the parties' joint stipulations of fact, this Court must, pursuant to Knapp, supra., presume that the trial court applied the law correctly to facts presented and affirm.[2]
 {¶ 15} Appellants' three assignments of error are, therefore, overruled.
 {¶ 16} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, P.J. and Wise, J. concur.
In Re: Unjust Enrichment — Breach of Contract.
[1] The trial court arrived at such figure by subtracting the earnest money deposit of $11,276.70 from the proven money damages of $15,937.16.
[2] Moreover, assuming, arguendo, that the merits of this case are properly before us, based upon the statements made during oral arguments in this matter and in the briefs, we would overrule appellants' three assignments of error and affirm the judgment of the trial court.